# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN
### MADISON DIVISION

| | |
|---|---|
| ERICK D. RIGBY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:19-cv-00036 |
| CROSSCHECK SERVICES, LLC d/b/a OPTIO SOLUTIONS, LLC d/b/a QUALIA COLLECTION SERVICES, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ERICK D. RIGBY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CROSSCHECK SERVICES, LLC d/b/a OPTIO SOLUTIONS, LLC d/b/a QUALIA COLLECTION SERVICES ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Wisconsin Consumer Act ("WCA") under Wis. Stat. § 427 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists

for the state law claim pursuant to 28 U.S.C. §1367, because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claims.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Wisconsin.

## PARTIES

4.  Plaintiff is a consumer over 18 years-of-age residing in Lincoln County, Wisconsin, which is located within the Western District of Wisconsin.

5.  Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6.  Defendant is a self-proclaimed debt collector and is engaged in the business of collecting or attempting to collect consumer debts.[1] Defendant's principal place of business is located at 1444 N. McDowell Boulevard, Petaluma, California 94954.  Defendant regularly places collection phone calls to consumers located in the state of Wisconsin.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.  Around the summer of 2018, Plaintiff purchased furniture from Ashley's Furniture HomeStore ("Ashley's") for his personal use.

10. Due to financial hardship, Plaintiff fell behind on his scheduled payments owed to Ashley's, thus incurring debt ("subject debt").

---

[1] https://payqcs.virtualcollector.net/

11.   Thereafter, Plaintiff began receiving calls to his cellular phone, (715) XXX-4260, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4260.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

13.   Defendant mainly uses the phone number (855) 777-2614 when placing collection calls to Plaintiff's cellular phone, but upon belief, it has used other phone numbers as well.

14.   Upon information and belief, the above referenced phone number ending in -2614 is regularly utilized by Defendant during its debt collection activity.

15.   Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

16.   Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

17.   Due to Defendant's incessant calls and outrageous conduct, Plaintiff demanded that it stop calling his cellular phone.

18.   Despite Plaintiff's demand, Plaintiff has received not less than 20 phone calls from Defendant since asking it to stop calling.

19.   On at least one occasion, Defendant threatened litigation and intimidated Plaintiff by stating that he would be incarcerated.

20.   Moreover, on at least one other occasion, Defendant contacted Plaintiff's mother and disclosed that he owes the subject debt.

21.   Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

22.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2007.[2]

28. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA §1692b

---

[2] https://www.acainternational.org/search#memberdirectory

29. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt [.]"

30. Defendant violated 15 U.S.C. §1692b(2) on at least one occasion: when it contacted Plaintiff's mother and disclosed that Plaintiff owes the subject debt.

### b.  Violations of FDCPA §1692c(a)(1) and §1692d

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 20 times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

33. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### c.  Violations of FDCPA § 1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

"The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. §1692e(4);

"The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5); and

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

36. Defendant violated §1692e, e(4), e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant deceptively and unlawfully alluded that it could cause the imprisonment of Plaintiff due to nonpayment of the subject debt. Moreover, defendant threatened to initiate a lawsuit against Plaintiff without the intent to do so. Defendant's lack of intent to collect from Plaintiff through a lawsuit can be gauged by its failure to initiate a lawsuit, and instead. continue with its harassing collection campaign outside of the judicial process.

37. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

### d.  Violations of FDCPA § 1692f

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

6

39. Defendant further violated §1692f when it unfairly and unconscionably threatened to cause the imprisonment of Plaintiff as a result of his nonpayment. Any reasonable fact finder will conclude that Defendant's methods are unfair and/or unconscionable because they are designed to worry and confuse Plaintiff into making a payment on the subject debt.

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 20 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

41. As pled in paragraphs 21 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ERICK D. RIGBY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* prerecorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

44.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant continuing to contact Plaintiff after he demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

45.   Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the subject consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting him.

46. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

47.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ERICK D. RIGBY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

48.  Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49.  The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."  Wis. Stat. §427.104(1)(h)

50.  Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff.  It was unfair for Defendant to repeatedly contact Plaintiff through means of an automatic system after he notified Defendant to cease calling.  Defendant ignored Plaintiff's demands and continued to systematically place calls to his cellular phone without his consent.  Following its characteristic behavior in placing voluminous calls to consumers even after those consumers have demanded that such collection calls stop, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment.

51. Defendant further violated the WCA by engaging in harassing conduct by unlawfully threatening to cause the imprisonment of Plaintiff, threatening to initiate a lawsuit against Plaintiff without the intent to follow through, and by contacting Plaintiff's mother and disclosing that Plaintiff owes the subject debt. Any reasonable fact-finder will conclude that defendant's actions were harassing to Plaintiff.

52. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

53. The WCA further states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."  Wis. Stat. §427.104(1)(j)

54. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after he told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

55. Defendant's conduct was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that Defendant stop contacting him, yet he was still bombarded with collection phone calls from Defendant. The phone calls and conduct engaged in by Defendant were an attempt to harass Plaintiff into submission and to ultimately maximize its profits. After Plaintiff told Defendant to stop calling, Defendant had more than enough information to know that it should not continue calling his phone. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of a debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

56. As plead in paragraphs 21 through 23, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to §427.105.

WHEREFORE, Plaintiff, ERICK D. RIGBY, respectfully requests that this Honorable

Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 16, 2019                              Respectfully submitted,

s/ Nathan C. Volheim                                 s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                     Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                              *Counsel for Plaintiff*
Admitted in the Western District of Wisconsin        Admitted in the Western District of Wisconsin
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave, Suite 200                   2500 South Highland Ave, Suite
Lombard, Illinois 60148                              Lombard, Illinois 60148
(630) 568-3056 (phone)                               (630) 581-5858 (phone)
(630) 575-8188 (fax)                                 (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                             thatz@sulaimanlaw.com