UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

---

ERICK D. RIGBY

                Plaintiff,         Case No. 3:19-cv-00036

v.

CROSSCHECK SERVICES, LLC d/b/a
OPTIO SOLUTIONS, LLC d/b/a QUALIA
COLLECTION SERVICES

                Defendant.

---

**DEFENDANT CROSSCHECK SERVICES, LLC d/b/a OPTIO SOLUTIONS, LLC d/b/a QUALIA COLLECTION SERVICES' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Cross Check Services, LLC d/b/a Optio Solutions, LLC d/b/a Qualia Collection Services[1] ("Defendant"), by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint, upon information and belief, states as follows:

**NATURE OF THE ACTION**

1. The allegations in Paragraph 1 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 1.

**JURISDICTION AND VENUE**

2. The allegations in Paragraph 2 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 2.

---

[1] Optio Solutions, LLC is an active Delaware limited liability company and does do business as Qualia Collection Services. Optio Solutions, LLC is wholly owned by CrossCheck, Inc., but has no association with CrossCheck Services, LLC. Accordingly, this Answer is being submitted on behalf of Optio Solutions, LLC d/b/a Qualia Collection Services.

3. The allegations in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 3.

### PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4, and therefore denies same.

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5, and therefore denies same.

6. Defendant denies each and every allegation in Paragraph 6.

7. Defendant denies each and every allegation in Paragraph 7.

8. Defendant denies each and every allegation in Paragraph 8.

### FACTS SUPPORTING CAUSES OF ACTION

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9, and therefore denies same.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10, and therefore denies same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11, and therefore denies same.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12, and therefore denies same.

13. Defendant denies each and every allegation in Paragraph 13.

14. Defendant denies each and every allegation in Paragraph 14.

15. Defendant denies each and every allegation in Paragraph 15.

16. Defendant denies each and every allegation in Paragraph 16.

17. Defendant denies each and every allegation in Paragraph 17.

18. Defendant denies each and every allegation in Paragraph 18.

19. Defendant denies each and every allegation in Paragraph 19.

20. Defendant denies each and every allegation in Paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21, and therefore denies same.

22. Defendant denies each and every allegation in Paragraph 22.

23. Defendant denies each and every allegation in Paragraph 23.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

24. With respect to Paragraph 24, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25, and therefore denies same.

26. Defendant denies each and every allegation in Paragraph 26.

27. Defendant denies each and every allegation in Paragraph 27.

28. Defendant denies each and every allegation in Paragraph 28.

**a. Violations of the FDCPA § 1692b**

29. The Fair Debt Collection Practice Act ("FDCPA") speaks for itself and a response is not required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 29.

30. Defendant denies each and every allegation in Paragraph 30.

**b. Violations of the FDCPA § 1692c(a)(1) and § 1692d**

31. The FDCPA speaks for itself and a response is not required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 31.

32. Defendant denies each and every allegation in Paragraph 32.

33. Defendant denies each and every allegation in Paragraph 33.

**c. Violations of the FDCPA § 1692e**

34. The FDCPA speaks for itself and a response is not required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 34.

35. The FDCPA speaks for itself and a response is not required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 35.

36. Defendant denies each and every allegation in Paragraph 36.

37. Defendant denies each and every allegation in Paragraph 37.

**d. Violations of the FDCPA § 1692f**

38. The FDCPA speaks for itself and a response is not required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 38.

39. Defendant denies each and every allegation in Paragraph 39.

40. Defendant denies each and every allegation in Paragraph 40.

41. Defendant denies each and every allegation in Paragraph 41.

<u>COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

42. With respect to Paragraph 42, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 42.

43. The Telephone Consumer Protection Act speaks for itself and a response is not

required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 43.

44. Defendant denies each and every allegation in Paragraph 44.

45. Defendant denies each and every allegation in Paragraph 45.

46. Defendant denies each and every allegation in Paragraph 46.

47. Defendant denies each and every allegation in Paragraph 47.

### COUNT III – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

48. With respect to Paragraph 48, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 48.

49. The Wisconsin Consumer Act ("WCA") speaks for itself and a response is not required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 49.

50. Defendant denies each and every allegation in Paragraph 50.

51. Defendant denies each and every allegation in Paragraph 51.

52. The WCA speaks for itself and a response is not required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 52.

53. The WCA speaks for itself and a response is not required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 53.

54. Defendant denies each and every allegation in Paragraph 54.

55. Defendant denies each and every allegation in Paragraph 55.

56. Defendant denies each and every allegation in Paragraph 56.

## FIRST AFFIRMATIVE DEFENSE

57. The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

58. Defendant had the Plaintiff's prior express consent for the conduct or claims alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

59. The Plaintiff's claims alleged in the Complaint are barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

60. Plaintiff failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by Plaintiff's acts and/or omissions.

## SIXTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by third parties over whom Defendant had no control or authority.

## SEVENTH AFFIRMATIVE DEFENSE

63. To the extent Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s).

**EIGHTH AFFIRMATIVE DEFENSE**

64. To the extent Defendant's actions violated the law, such actions were neither intentional, nor willful.

**NINTH AFFIRMATIVE DEFENSE**

65. Plaintiff's claims are barred the doctrine of established business relationship.

**TENTH AFFIRMATIVE DEFENSE**

66. Plaintiffs' claims are barred by release, waiver, unclean hands, laches, estoppel and/or res judicata.

**ELVENTH AFFIRMATIVE DEFENSE**

67. Plaintiff lacks Article III standing to pursue the allegations in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

68. Plaintiff has failed to name the correct and/or necessary party.

WHEREFORE, Defendant Cross Check Services, LLC d/b/a Optio Solutions, LLC d/b/a Qualia Collection Services respectfully demands judgment against the Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED: February 8, 2019

/s Brendan H. Little
Brendan H. Little, Esq.
Lippes Mathias Wexler Friedman LLP
Attorneys for Defendant Optio Solutions, LLC
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
T: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com