UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| ERICK D. RIGBY,<br><br>    Plaintiff,<br><br>v.<br><br>CROSSCHECK SERVICES, LLC d/b/a OPTIO SOLUTIONS, LLC d/b/a QUALIA COLLECTION SERVICES,<br><br>    Defendant. | 3:19-cv-00036-jdp |

**JOINT RULE 26(f) REPORT**

The counsel identified below participated in a meeting required by the Federal Rules of Civil Procedure 26(f) via email and jointly prepared the following report. The Rule 16 telephonic scheduling conference for this matter is scheduled to occur on March 14, 2019 at 1:00 pm CST before the Honorable Stephen L. Crocker. Attorney Nathan C. Volheim will appear telephonically for Plaintiff and Attorney Brendan Little will appear telephonically for Defendant.

1. <u>Nature of the Case</u>. The instant action primarily centers on allegations that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et. seq.*, the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. §227 *et seq.,* and the Wisconsin Consumer Act ("WCA"), Wis. Stat. §427 *et seq.* Plaintiff alleges that Defendant engaged in harassing collection activity towards him in pursuit of financial gain. Defendant denies that it utilized technology within the purview of the TCPA or that it violated the FDCPA.

2. <u>Related Case</u>. None.

3. <u>Factual and Legal Issues</u>.  The primary legal issue is whether the telephone system used by Defendant to call Plaintiff's cellular phone constitutes an Automated Telephone Dialing System ("ATDS") under the TCPA.  The parties will also explore the contents of communications between the parties and whether they rise to the level of harassment under the FDCPA.

4. <u>Amendment to the Pleadings</u>:  None at this time.

5. <u>Additional Parties</u>.  None at this time.

6. <u>Length of Trial</u>.  If a trial is necessary, the parties believe that it would take no more than one (1) day.  Plaintiff has demanded a jury trial.  The parties anticipate this case being ready for trial by March 2020.

7. <u>Other Matters</u>.

    (a)     The parties request that Rule 26(a)(1) Initial Disclosures be due by March 28, 2019.

    (b)     Expert discovery may be needed over the telephone systems that Defendant used to place the calls at issue.

    (c)     The parties propose that dispositive motions be due on or before December 15, 2019.

    (d)     The parties propose that all discovery, including expert discovery, be completed by November 15, 2019.

    (e)     The parties do not propose that discovery be conducted in phases.

    (f)     There is no anticipated significant electronic discovery. To the extent that it is applicable, the parties agree that electronic information may be produced in hard-copy or PDF format or other agreed upon format.

(g) All claims of privilege or protection as trial preparation materials must comply with the Federal Rules of Civil Procedure, including the obligation to meet and confer regarding any dispute.

(h) No changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules.

(i) The parties request that each party be allowed no more than 3 depositions.

Dated: March 5, 2019

s/ Nathan Charles Volheim
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
(630) 568-3056 phone
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s Brendan H. Little
Brendan H. Little, Esq.
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

*Attorneys for Defendant*
*Optio Solutions, LLC*