UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| ERICK D. RIGBY,<br><br>  Plaintiff,<br><br>v.<br><br>CROSSCHECK SERVICES, LLC<br>d/b/a OPTIO SOLUTIONS, LLC d/b/a<br>QUALIA COLLECTION SERVICES,<br><br>  Defendant. | Case No. 3:19-cv-00036-jdp |

## MOTION FOR PROTECTIVE ORDER

  NOW COMES Plaintiff ERICK D. RIGBY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., respectfully requesting that this Court enter a Protective Order directing the deposition of Plaintiff, set by CROSSCHECK SERVICES, LLC d/b/a OPTIO SOLUTIONS, LLC d/b/a QUALIA COLLECTION SERVICES ("Defendant"), to take place in Stevens Point, Wisconsin, or in the alternative, allow Plaintiff to be deposed telephonically, and in support thereof states as follows:

1. On January 16, 2019, Plaintiff filed his Complaint alleging violations of the Fair Debt Collection Practices Act, Telephone Consumer Protection Act and Wisconsin Consumer Act. [Dkt No. 1].

2. Plaintiff is a resident of Tomahawk, Wisconsin, which is located within the Western District of Wisconsin, Madison Division.

3. On February 11, 2019, this Honorable Court set a Telephonic Pretrial Conference to take place on March 14, 2019 at 1:00 pm before Magistrate Judge Stephen L. Crocker.

4. On March 15, 2019, after the Telephonic Pretrial Conference, this Honorable Court entered a Pretrial Conference Order setting the deadline for both parties to complete discovery by November 15, 2019 as well as various other deadlines in this matter. [Dkt No. 8].

5. On May 21, 2019, Defendant issued a Notice of Deposition to Plaintiff setting his deposition to take place on June 25, 2019 at 10:00 am at 811 East Washington, #3, Madison, Wisconsin. Exhibit A contains a copy of this Notice of Deposition.

6. As previously stated, Plaintiff is a resident or Tomahawk, Wisconsin which is approximately 183 miles away from Madison, Wisconsin.

7. On May 30, 2019, Plaintiff's counsel, Taxiarchis Hatzidimitriadis, advised Defendant's counsel that the location of the deposition will not work for Plaintiff as he resides 183 miles away from Tomahawk.

8. On June 17, 2019, Defendant's counsel responded to Plaintiff's counsel by stating that Defendant chose to hold the deposition in Madison, Wisconsin because that was where the case was filed and asked Plaintiff's counsel to submit case law to support his position.

9. On the very same day, Plaintiff's counsel provided Defendant with a minute order entered by Judge Matthew F. Kennelly in which he held that a "Plaintiff shall be deposed where he/she resides." This order is attached as Exhibit B. In addition to this, Plaintiff's counsel proposed that either the deposition to take place in Wausau, Wisconsin or the deposition be conducted via telephone.

10. On June 20, 2019, Defendant's counsel informed Plaintiff's counsel that he would adjourn the deposition set for June 25, 2019 to allow both Parties to work out the deposition related issues in this matter.

11. After several months of discussion, Plaintiff and Defendant agreed that the deposition should take place somewhere between Tomahawk, Wisconsin and Madison, Wisconsin.

12. On October 3, 2019, Defendant issued a Second Amended Notice of Deposition setting Plaintiff's deposition to take place on October 17, 2019 at 5780 Kinney Road, Portage, Wisconsin. Exhibit C contains a copy of Defendant's Second Amended Notice of Deposition.

13. Portage, Wisconsin is approximately 143 miles away from Tomahawk and 45 miles away from Madison.

14. Accordingly, on October 4, 2019, Plaintiff's counsel advised Defendant's counsel that the location listed in its Second Amended Notice of Deposition does not work for Plaintiff as he would be required to travel several hours to reach Portage, Wisconsin, and proposed that the deposition take place in Stevens Point, Wisconsin. Plaintiff's counsel also informed Defendant's counsel that the date and time of the deposition does not work for the Plaintiff.

15. On October 7, 2019, Defendant's counsel advised Plaintiff's counsel that Defendant has refused to change the location of the deposition but rescheduled Plaintiff deposition to take place on October 18, 2019 at 9:00 a.m.

16. In light of these events, Plaintiff requests that this Honorable enter a Protective Order to prevent him from traveling 143 miles to attend the deposition set by Defendant, and

enter an order requiring Defendant to move this deposition to a location closer to his residence.

17. Pursuant to Fed. R. Civ. P 26(c)(1),

> a party or any person from whom discovery is sought may move for a protective order in the court there the action is pending..... The court may, for good cause, issue an order to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> ....
>
> (B) Specifying terms, including, time and place or the allocation of expenses, for the disclosure and discovery.

18. While, ordinarily, a defendant is entitled to depose a plaintiff in the forum where the case is pending, Fed. R. Civ. P. 26 authorizes this Court to order plaintiff's deposition to be taken in a different location, or by alternative means, if justice so requires. See, Fed. R. Civ. P. 26(c)(2); *see also, Trinos v. Quality Staffing Services Corp.,* 250 F.R.D. 696 (S.D. Fla. 2008).

19. Thus, if a plaintiff demonstrates hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition in the forum "may yield to the exigencies of the particular case." *Luna v. Del Monte Fresh Produce, Inc.,* 2007 U.S. Dist. LEXIS 36893, *2 (N.D. Ga. May 18, 2007) (citing *Abdullah v. Sheridan Square Press, Inc.,* 154 F.R.D. 591, 592 (S.D.N.Y. 1994)).

20. In this instant matter, justice requires Plaintiff's deposition to be taken in a different location, or by alternative means.

21. In order for Plaintiff to appear at the deposition as outlined in Defendant's Second Amended Notice of Deposition, he would have incur significant expenses in traveling to and from Portage, Wisconsin.

22. This burden on Plaintiff outweighs any prejudice to Defendant.

23. Defendant could easily take Plaintiff's deposition in Stevens Point, Wisconsin. Defendant's lead counsel, Brendan H. Little, is located in Buffalo, New York and will have to travel to a location in Wisconsin to conduct this deposition regardless, or alternatively, will be conducting this deposition via phone.  As such, Defendant will not be prejudiced if it is required to conduct this deposition in Stevens Point, Wisconsin versus Portage, Wisconsin.

24. There are several court reporting agencies in Stevens Point, Wisconsin where Defendant could readily depose Plaintiff.

25. When balancing the hardship Plaintiff would experience if forced to travel to Portage, Wisconsin, weighed against the burden for Defendant to take Plaintiff's deposition in Stevens Point, Wisconsin, deference should be given to Plaintiff. As a consumer, Plaintiff has significantly more limited financial resources available. Conversely, Defendant, as a debt collector, has such significant assets that any costs associated with taking Plaintiff's deposition in Stevens Point, Wisconsin or by telephone would be negligible when compared to the significant costs and burden traveling to Portage, Wisconsin would impose upon Plaintiff.

26. In addition to this, Plaintiff's counsel deposed Defendant's representative on September 16, 2019. The deposition was held in Petaluma, California which is where the Defendant's representative is located and both Plaintiff and Defendant's counsel participated via telephone to reduce costs as well as to avoid inconveniencing any party in this matter.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Protective Order either directing that Defendant depose the Plaintiff in Stevens Point, Wisconsin, or in the alternative, an order that Defendant telephonically depose Plaintiff.

Dated: October 8, 2019

Respectfully submitted,

s/ *Nathan C. Volheim*
Nathan C. Volheim, Esq.
*Counsel for Plaintiff*
Admitted in the Western District of Wisconsin
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone (630) 568-3056
Fax: (630)575-8188
nvolheim@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 8, 2019, a copy of the foregoing was filed electronically via CM/ECF with the United States District Court, Western District of Wisconsin, Madison Division, with notification being sent electronically to all counsel of record.

s/ *Nathan C. Volheim*
Nathan C. Volheim, Esq.